UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISISANA

| | | |
|---|---|---|
| JONATHAN BROWN | * | CIVIL ACTION NO: _____ |
| | * | SECTION: _____ |
| VERSUS | * | |
| | * | JUDGE: _____ |
| | * | |
| PRAXAIR, INC. ET AL | * | MAGISTRATE:_____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITION FOR WRONGFUL TERMINATION AND
FOR BENEFITS, PROTECTIONS AND DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Petitioner, JONATHAN BROWN, a competent major who resides in the Parish of East Baton Rouge, State of Louisiana, hereinafter referred to as "Petitioner", who respectfully represents the following:

1.

The following parties are made Defendants herein:

1. **PRAXAIR, INC.**, a foreign corporation registered to transact business and transacting business in the State of Louisiana, whose registered agent for service of process is The Prentice-Hall Corporation System, Inc., located at 501 Louisiana Avenue, Baton Rouge, LA 70802;

2. **JAMES WILLIS,** a competent major, individually and through his capacity as an employee of PRAXAIR, INC., who may be served at 3 Morning Arbor Place, The Woodlands, TX 77380;

3. **BRIAN BURT,** a competent major, individually and through his capacity as an employee of PRAXAIR, INC., who may be served at 2315 Urban Forest Court, Spring, TX 77386;

4. **TODD DUNN** a competent major, individually and through his capacity as an employee of PRAXAIR, INC., who may be served at 6 Villa Canyon Place, The Woodlands, TX 77382; and

5. **VANJIA THOMAS,** a competent major, individually and through his capacity as an employee of PRAXAIR, INC., who may be served at 12519 Stallion Court, Magnolia, TX 77354.

2.

The DEFENDANTS are jointly and solidarily liable unto the Petitioner, for breaching the applicable standard of care in causing injury to the Petitioner, JONATHAN BROWN, and all actions herein whether constituting action and/or inaction caused and/or contributed to the injury of JONATHAN BROWN, as set forth herein.

3.

The Defendants, namely, JAMES WILLIS, BRIAN BURT, TODD DUNN and VANJIA THOMAS, acted beyond the course and scope of their employment duties, whenever they participated in racial discrimination and disparate treatment of the Petitioner.

4.

On or about July 13th, 2016, the Petitioner was wrongfully terminated from his employment with the Defendant, PRAXAIR, INC.  Petitioner, JONATHAN BROWN, began working for PRAXAIR, INC. in April 2012, and was employed as a Maintenance Superintendent.

5.

During the course of the Petitioner's employment, he implemented a successful work process, yet he was still subjected to constant ridicule from his superiors. The Petitioner, was treated disparately from other Maintenance Superintendents, as he was given additional tasks to

complete, and was subjected to additional repercussions that other similarly situated employees did not incur.

6.

In July 2015, the Petitioner was accused by Scott Sexton, the Louisiana Enclave Plant Director of having contractors come to the job site without the Petitioner's knowledge, and for having no accountability for their hours and labor costs. Scott Sexton arrived at the plant while the Petitioner was not present to investigate the issue, but discovered that the Petitioner had the proper documentation which depicted accounting for every contractor, every hour, every invoice, and every purchase order agreement. The Petitioner was also accused of providing confidential information to contractors, which is in clear violation of company policy.

7.

Although the Petitioner, provided evidence, which proved the allegations made against him were false, he was still reprimanded by the defendant, BRIAN BURT. The Petitioner made several attempts to communicate with defendant, BRIAN BURT to address any issues which arose. However, during October 2015, the defendant, BRIAN BURT, and Upper Management stopped all communication with the Petitioner, and the workplace harassment intensified.

8.

In January 2016, Gary Ohlert, accused the Petitioner of falsifying documents for OSHA's Preventative Maintenance Policy. Based upon information and belief, BRIAN BURT, encouraged Gary Ohlert to make these allegations. In response, the Petitioner, provided evidence to Upper Management, which proved the allegations to be false.

9.

Throughout the course of the Petitioner's Employment, he contacted the Human Resources Department on several occasions, to no avail. The Petitioner, initially contacted Courtni Booker, who informed the Petitioner that she would present the information to defendant, VANJIA THOMAS, the Director of Human Resources. The defendant, VANJIA THOMAS, failed to contact the Petitioner regarding his complaints of workplace harassment, and made no efforts to address his issues.

10.

In April 2016, the Petitioner received a meeting notice, which summoned him to another Praxair Location. Upon arrival, the Defendants proceeded to conduct a PIP (Performance Improvement Plan) meeting with the Petitioner. During this meeting, the Petitioner was accused of not comprehending job related processes that he in fact implemented. At the conclusion of the PIP meeting, the Defendants' proposed a severance package. However, the Petitioner expressed concerns that the information shared during the PIP Meeting was inaccurate, and requested to reconvene and continue the discussion, to which the Defendants agreed.

11.

Three weeks following the original PIP meeting, the Petitioner was summoned once again, to conduct another meeting at the same location. During this meeting, the Vice President of HyCo Operations, TODD DUNN, was present. However, the Petitioner's supervisor, BRIAN BURT, was not in attendance, although all of the prior reprimands had come from BRIAN BURT. During this meeting, the Petitioner expressed his desire to discuss the Performance Improvement Plan, however, the defendants once again urged the Petitioner to accept the severance package. After

informing the Defendants that that the Petitioner would implement the PIP, the Defendants once again told the Petitioner to take more time to consider the severance package.

12.

The final meeting occurred in Sierra Pines, The Woodlands, Texas. The Petitioner met with VANJIA THOMAS, TODD DUNN, and JAMES WILLIS. This meeting lasted for at minimum four (4) hours, whereby the Petitioner was interrogated by the Defendants, and continuously informed the Defendants that he would implement the PIP. However, the defendants accused the Petitioner of additional infractions, which were ultimately proven to be false. At the conclusion of this meeting, the Defendants instructed the Petitioner to return home for roughly three weeks, to decide how he would implement the PIP.

13.

Roughly two weeks after the meeting in The Woodlands, Texas, the Petitioner met with the Defendants in Geismer, Louisiana to present the Performance Improvement Plan. On this occasion, Craig Robnik, Director of Louisiana Enclave was present, and the Petitioner was informed that he would be reporting directly to him over the next ninety (90) days while the PIP was being implement. The Petitioner was also instructed to meet with Craig Robnik, everyday, and was also instructed to report to JAMES WILLIS AND VANJIA THOMAS, every week, which was not customary for Maintenance Superintendents.

14.

As a result of the continuous harassment, on July 13, 2016, the Petitioner provided the Defendants, with his two weeks' notice to terminate his employment. Immediately after providing such notice, the Petitioner was escorted from the premises, which was not customary for the

Defendant, PRAXAIR, INC as employees were customarily given time to reconsider, or were allowed to complete the remaining two-weeks of their employment.

15.

The petitioner is also entitled to benefits, protections and damages pursuant to La. R.S. 23:332, as well as Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000e-2(a) as well as reasonable attorney's fees and penalties where applicable under law.

16.

Petitioner has provided sufficient evidence to establish proof of prima facie case for Racial Discrimination for the foregoing reasons:

1. Petitioner is a member of a protected class;
2. Petitioner was sufficiently qualified for the position of Maintenance Superintendent;
3. On July 13, 2016, Petitioner faced adverse employment action as he was terminated;
4. Petitioner was replaced by an individual who was not a member of a protected class.

17.

As a result of the above-described actions of the Defendants, Petitioner suffered and continues to suffer the following damages, to wit:

1) Mental pain, anguish, and distress, past, present and future;
2) Medical expenses, past, present and future;
3.) Past, present, and future loss of earnings;
5) Past, present, and future loss of opportunity;
6.) Loss of enjoyment of life;
7.) Depression;
8.)  Household expenses; and

9.) Any and all other damages, which shall be provided following discovery and upon the trial of this matter.

18.

Undersigned counsel specifically plead their rights to attorney's fees as authorized by the Civil Rights Attorneys Fess Awards Act of 1976 (amending Title 42 U.S.C. Sec. 1988) for their actions in enforcing Sections 1981, 1983, 1985(3), 1986, 1988 of Title 42 of the United States Code.

19.

Petitioner, JONATHAN BROWN, is entitled to and request a trial by jury on all issues here.

WHEREFORE, Petitioner prays:

1) That copies of the Petition together with citation, be issued and served in accordance with law, on the Defendants;

2) After the lapse of legal delays and due proceedings had, there be judgment against the defendants and in favor of Petitioner, in such amounts as are reasonable under the premises;

3) For all necessary orders and decrees as may be required or proper for full general, and equitable relief;

4) For all legal interest from the date of judicial demand on all amounts awarded and costs of these proceedings, further for any and all costs recoverable under La R.S. 13:4533 and R.S. 13:3666.

        Respectfully submitted,

BY:    s/Willie G. Johnson
        **WILLIE G. JOHNSON, JR. (#28628)**
        THE JOHNSON LAW GROUP, APLC
        Post Office Box 84509
        Baton Rouge, La 70884
        Telephone: (225) 717-7070
        Facsimile: (225) 930-8573

**PLEASE SERVE:**

**Praxair Inc.**
**(**Through its registered agent for service of process)
The Prentice-Hall Corporation System, Inc.
501 Louisiana Avenue
Baton Rouge, LA 70802

**JAMES WILLIS**
3 Morning Arbor Place
The Woodlands, TX 77380

**BRIAN BURT**
2315 Urban Forest Court
Spring, TX 77386

**TODD DUNN**
6 Villa Canyon Place
The Woodlands, TX 77382

**VANJIA THOMAS**
12519 Stallion Court
Magnolia, TX 77354