UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JONATHAN BROWN

CIVIL ACTION

VERSUS

PRAXAIR, INC., ET AL.

NO.: 17-00384-BAJ-RLB

## RULING AND ORDER

Before the Court is a **Motion to Dismiss (Doc. 16)** filed by Defendants
Praxair, Inc., James Willis, Brian Burt, Todd Dunn, and Vanijia Thomas. Plaintiff
opposes the motion. (Doc. 19). For the reasons that follow, the Motion is **GRANTED
IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

This is a race discrimination claim. (Doc. 1 at p. 2). Plaintiff, Jonathan Brown,
began working for Praxair, Inc. in April 2012 and was employed as a maintenance
superintendent. (*Id.*). Plaintiff asserts that during the course of his employment, he
was subjected to ridicule from his superiors, and was treated differently from other
maintenance superintendents because he was given additional tasks to complete and
faced additional repercussions that white employees did not bring. (*Id.* at p. 2–3).

In July 2015, another employee accused Plaintiff of violating company policy
by not properly accounting for the hours and labor costs of some contractors that came
to the job site and by providing confidential information to contractors. (*Id.* at p. 3).
Although Plaintiff asserts that he provided evidence which proved these allegations
false, he was still reprimanded by Defendant, Brian Burt. (*Id.*). Subsequently, Burt

and upper management allegedly stopped all communication with Plaintiff. (*Id.*). In January 2016, Plaintiff was again accused of violating company policy by falsifying OSHA documents. (*Id.*). Plaintiff claims he again provided evidence to prove these allegations false. (*Id.*).

Plaintiff contacted Human Resources on several occasions to address his concerns regarding workplace harassment, but Plaintiff contends that the Director of Human Resources, Vanjia Thomas, another Defendant, failed to contact Plaintiff and did not make efforts to address his issues. (*Id.* at p. 4). In April 2016, Plaintiff was summoned to the first of three Performance Improvement Plan ("PIP") meetings with Defendants. (Doc. 1 at p. 4–5). At the first meeting, Defendants proposed a severance package, but Plaintiff expressed a desire to implement the PIP instead. (*Id.* at p. 5). After the following two meetings, it was decided that Plaintiff, as part of the PIP, would make daily and weekly reports to his supervisors and to the Human Resources Director over the next ninety days, which was not customary for maintenance superintendents. (*Id.*). In July 2016, Plaintiff provided his two weeks' notice, immediately after which he was escorted from the premises. (*Id.*). According to Plaintiff, this action was not customary for Defendant, Praxair, because employees were usually given time to reconsider or to complete the remaining two weeks of their employment. (*Id.*).

Plaintiff brought suit claiming that he is entitled to relief under Title VII, 42 U.S.C. § 2000e-2(a), and Louisiana R.S. § 23:332 (*Id.*). The complaint names Praxair ("Corporate Defendant") and its employees James Willis, Brian Burt, Todd Dunn, and

Vanjia Thomas ("Individual Defendants") (collectively "Defendants"). (*Id.* 1 at pp. 1–2). Defendants filed a motion to dismiss, claiming that individual employees may not be held liable under Title II and Louisiana law. (Doc. 16 at pp. 5–7). In response, Plaintiff claims that his pleading states sufficient facts to allege violations of 42 U.S.C. § 1983 and § 1986 by the employees. (Doc. 19 at pp. 3–5).

## II.    LEGAL STANDARD

When the Court reviews a motion to dismiss, it must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Childers v. Iglesias*, 848 F.3d 412, 413 (5th Cir. 2017) (quoting *Hines v. Alldredge*, 783 F.3d 197, 201 (5th Cir. 2015)). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "draw[ing] on its judicial experience and common sense" the court must determine whether a complaint states a plausible claim for relief, and strike all legal conclusions that are not supported by factual allegations because mere legal conclusions are not entitled to the assumption of truth. *Id.* at 679.

## III.   DISCUSSION

### A.    Title VII and LEDL Claims

Defendants do not move for dismissal of the claims against Corporate Defendant, which they concede was Plaintiff's employer; however, Defendants assert

3

that Plaintiff cannot state a Title VII or LEDL claims against Individual Defendants because they are not employees within the definition of those acts. (Doc. 16-1 at pp. 5–7). Defendant does not appear to contest that he fails to state a claim against the individuals in this case, instead arguing that he pleaded an adequate claim against Individual Defendants under § 1983.

According to Title VII, "[it is] an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Furthermore, "[t]he term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). However, the language "any agent" is not meant to impose individual liability for Title VII claims, but rather to impose vicarious liability on employers under Title VII. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Under the LEDL, the definition of employer is narrower than under Title VII and includes "[a] person, association, legal or commercial entity . . . receiving services from an employee and, in return, giving compensation of any kind to an employee." La. Rev. Stat. Ann. § 23:302(2).

Defendant is correct that none of the individuals who work for them meet the definition of employer under Title VII or the LEDL. Accordingly, those claims are **DISMISSED**.

## B.     42 U.S.C. § 1983 Claim

Nonetheless, Plaintiff insists that he has adequately pleaded a claim against Individual Defendants under 42 U.S.C. § 1983. (Doc. 19 at p. 3)."To state a claim under § 1983, plaintiffs must allege two elements: first, that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred under color of state law." *Doe v. Rains Cty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995) (citing *West v. Atkins*, 487 U.S. 42 (1988)).  A defendant in a § 1983 action acts "under color of state law" when it has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

The Court need not devote much time to this contention.  Setting aside that "[p]rivate individuals generally are not considered to act under color of law, *i.e.,* are not considered state actors," *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005), § 1983 only applies to acts done under state—not federal—law.  *See Doe v. United States*, 831 F.3d 309, 314–17 (5th Cir. 2016) (holding that people detained by U.S. Immigrations and Customs Enforcement could not maintain action against private detention facility because the private facility was performing a federal function and not a state function); *Broadway v. Block*, 694 F.2d 972, 981 (5th Cir. 1982) (holding that individuals "acting under color of federal law rather than state law . . . are not subject to suit under § 1983").  The Department of Defense is a federal agency, and

Plaintiff cannot maintain a § 1983 claim against individuals who contract with federal agencies.

## C.    Award of Attorney's Fees for Frivolous Claims

Defendants assert that because Plaintiff's claims against Individual Defendants are unreasonable and frivolous, Defendants should be awarded attorney's fees and costs related to the motion to dismiss. (Doc. 16-1 at p.8). Furthermore, Defendants contend that Plaintiff's refusal to voluntarily amend the petition multiplied the proceedings unreasonably, thus entitling Defendants to an award of attorneys' fees under 28 U.S.C. § 1927. (Doc. 16-1 at p. 8).

Pursuant to Title VII, the court "may grant . . . attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title." 42 U.S.C. 2000e-5(B)(i). *See also Provensal v. Gaspard*, 524 F. App'x 974, 976 (5th Cir. 2013) ("Costs and attorney's fees may be awarded under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 and, in Title VII cases, are explicitly made available and relegated to the discretion of the court.") The Court will reserve making a determination on attorney's fees until Defendants have filed a motion for attorney's fees in accordance with Rule 54(d)(2) and Local Civil Rule 54.

## D.    Dismissal with Prejudice

Defendants request that the claims against Individual Defendants be dismissed with prejudice. (Doc. 16-1 at p. 7). Although the Court ordinarily grants a motion to dismiss without prejudice, permitting the party an opportunity to amend, the Court need not do so if "it is clear that the defects are incurable." *Great Plains Trust Co. v.*

*Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Any attempt by Plaintiff to plead a Title VII, LEDL or § 1983 claim against the individual defendants would be futile. Therefore, the Court will dismiss those claims with prejudice.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 9) is **GRANTED IN PART**, and the claims against James Willis, Brian Burt, Todd Dunn, and Vanjia Thomas are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' request for attorney's fees be **DENIED WITHOUT PREJUDICE** to Defendants' ability to file a separate motion for attorney's fees.

Baton Rouge, Louisiana this 13th day of September, 2018.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA