UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JONATHAN BROWN                      CIVIL ACTION

VERSUS

                                              NO. 17-384-BAJ-RLB

PRAXAIR, INC., ET AL.

**ORDER**

Before the Court is Plaintiff's Motion to Compel Depositions of Vanjia Thomas, James Willis, Brian Burt and Todd Dunn (R. Doc. 33). The motion is opposed. (R. Doc. 39; *see* R. Doc. 37).

Also before the Court is Defendant's Motion to Terminate Depositions Pursuant to FRCP 30(d)(3) (R. Doc. 37) and Defendant's Motion to Compel (R. Doc. 35). The motions are opposed. (R. Doc. 42; R. Doc. 44).

The Court held oral argument on the foregoing motions on October 16, 2018. (R. Doc. 45).

**I.    Background**

On June 17, 2017, Johnathan Brown ("Plaintiff") commenced this race discrimination action, naming his employer Praxair, Inc. ("Praxair") and his co-workers James Willis, Brian Burt, Todd Dunn, and Vanjia Thomas as defendants. (R. Doc. 1, "Compl."). Plaintiff asserts that he was wrongfully terminated from his employment as a Maintenance Superintendent with Praxair on July 13, 2016. (Compl. ¶ 4). Among other things, Plaintiff alleges that in April of 2016, he participated in a performance improvement plan ("PIP") meeting in which he was offered a severance package in lieu of participating in a PIP. (Compl. ¶ 10). Plaintiff further alleges that he declined the severance package, attended additional PIP meetings, and, when he

ultimately provided two weeks' notice, his employment was immediately terminated. (Compl. ¶¶ 10-14). Plaintiff seeks relief under federal and state law. (Compl. ¶¶ 15-18).

On September 25, 2017, the Court issued a Scheduling Order setting, among other things, the deadline to complete non-expert discovery on August 1, 2018, the deadline to complete expert discovery on December 31, 2018, the deadline to file dispositive motions on March 1, 2019, and for trial to commence on September 9, 2019. (R. Doc. 11).

On May 4, 2018, Plaintiff responded to interrogatories and requests for production served by Praxair. (R. Doc. 35-3). The discovery requests and responses at issue in Praxair's motion to compel are Interrogatory No. 4, and Requests for Production Nos. 13, 15, 19, 34, 36:

> **INTERROGATORY NO. 4:**
> Identify all persons from whom you have received statements, either orally, recorded or in writing, sworn or unsworn, regarding any of the allegations made by you in your Petition.
>
> **RESPONSE:**
> The Plaintiff objects to this interrogatory as discovery is ongoing and as such this interrogatory is premature. Without waiving said objection, the Plaintiff is in the process of verifying any and all recordings that may have been acquired in connection with this transaction forming the basis of this litigation. Further answering, the Plaintiff has interacted with and had several meetings and discussions with all persons that were identified in the Complaint and therefore those names are to be incorporated herein by reference.
>
> **REQUEST FOR PRODUCTION NO. 13:**
> Documents written or prepared by Plaintiff or at Plaintiff's direction during his employment with Praxair reflecting Plaintiff's daily activities, factual observations pertaining to his employment, communications with Praxair or its agents, Plaintiff's physical condition, Plaintiff's mental condition, and/or any emotional distress Plaintiff may have experienced, from January 1, 2014 to the time of trial. This request includes, but is not limited to, Plaintiff's personal calendars, e-mail transmissions, appointment books, notes, notebooks, journals or diaries, whether in hard copy or electronic format, originals or copies.
>
> **RESPONSE:**
> The Plaintiff objects that these items may constitute work product and once reviewed with counsel a work product and/or privilege log will be provided and thereafter the court may assist in the disclosure of said items. Further

responding, most of the communications with Praxair should be in their possession.

**REQUEST FOR PRODUCTION NO. 15:**
Communications (including, but not limited to, electronic communications) between any current or former employees of Praxair, including Plaintiff, from January 1, 2014 to the date of trial, that evidence any of the allegations Plaintiff asserts in the Petition.

**RESPONSE:**
The Plaintiff objects that these items may constitute work product and once reviewed with counsel a work product and/or privilege log will be provided and thereafter the court may assist in the disclosure of said items. Further responding, most of the communications with Praxair should be in their possession.

**REQUEST FOR PRODUCTION NO. 19:**
Documents relating to any meetings or discussions between Plaintiff and Praxair or Praxair's employees regarding the Performance Improvement Notification and severance package offered to Plaintiff by Praxair, as referenced in Paragraphs 10-13 of the Petition.

**RESPONSE:**
The Plaintiff objects that these items may constitute work product and once reviewed with counsel a work product and/or privilege log will be provided and thereafter the court may assist in the disclosure of said items. Further responding, most of the communications with Praxair should be in their possession. Further responding, the Plaintiff also awaits any expert reports of David Schein, Plaintiff's employment expert.

**REQUEST FOR PRODUCTION NO. 34:**
Produce all audio, video, digital, or electronic recordings which are relevant to Plaintiff's allegations in this Lawsuit.

**RESPONSE:**
The Plaintiff objects that these items may constitute work product and once reviewed with counsel a work product and/or privilege log will be provided and thereafter the court may assist in the disclosure of said items. Further responding, most of the communications with Praxair should be in their possession. Further responding, the Plaintiff also awaits any expert reports of David Schien, Plaintiff's employment expert.

**REQUEST FOR PRODUCTION NO. 36:**
Produce any statements which Plaintiff claims are an admission by a party opponent or against the interests of Praxair, and any documents that record, memorialize, describe, or otherwise refer to any such statements.

> **RESPONSE:**
> The Plaintiff objects that these items may constitute work produce and once reviewed with counsel a work product and/or privilege log will be provided and thereafter the court may assist in the disclosure of said items. Further responding, most of the communications with Praxair should be in their possession. Further responding, the Plaintiff also awaits any expert reports of David Schein, Plaintiff's employment expert.

(R. Doc. 35-3 at 5-6, 18-19, 21, 26-27).

On May 10, 2018, defense counsel sent a letter to Plaintiff's counsel identifying deficiencies with regard to the foregoing responses. (R. Doc. 35-4). In particular, Praxair stated it was unable to determine from Plaintiff's response to Interrogatory No. 4 "whether Plaintiff has responsive recordings in his possession or not," further requesting Plaintiff to supplement his "response to specifically identify all persons from whom Plaintiff has received recordings regarding any of Plaintiff's allegations in his Petition." (R. Doc. 35-4 at 3). With regard to the Requests for Production Nos. 13, 15, 19, 34, and 36, Praxair requested that Plaintiff withdraw his objections, and produce any non-privileged responsive documents and an accompanying privilege log. (R. Doc. 35-4 at 4).

On June 13, 2018, Plaintiff's counsel responded to defense counsel's letter. (R. Doc. 35-5). In pertinent part, Plaintiff stated that he could not "verify any recordings that may or may have been acquired in connection with this transaction forming the basis of this litigation," that Plaintiff had not located responsive documents and that they would be produced when located, and that a privilege log "cannot be produced" because responsive documents had not been located. (R. Doc. 35-5 at 3). Praxair's counsel submits a declaration stating that at the conference "Plaintiff's Counsel repeatedly assured Defendant's counsel that he had produced everything in Plaintiff's possession." (R. Doc. 35-6 at 2).

On July 23, 2018, the Court extended the non-expert discovery deadline to November 1, 2018, for the sole purpose of re-noticing and completing the depositions of James Willis, Brian Burt, Todd Dunn, Vanjia Thomas, Jonathan Brown, Denise Brown, and Courtni Booker, and any other depositions agreed upon by the parties. (R. Doc. 30). The Court did not, however, extend the non-expert discovery deadline with respect to written discovery. (R. Doc. 30 at 2).

On September 13, 2018, the Court dismissed with prejudice all claims brought against James Willis, Brian Burt, Todd Dunn, and Vanjia Thomas. (R. Doc. 31).

On September 18, 2018, counsel convened in Houston, Texas for the purpose of taking the depositions of Plaintiff and Vanjia Thomas, and the depositions of James Willis, Brian Burt, and Todd Dunn on the following day. During his deposition, however, Plaintiff testified that he was in possession of certain audio recordings made during his PIP meetings that had not been produced in discovery, as well as "an external hard drive" containing various documents collected by Plaintiff while employed. (R. Doc. 35-2). The remainder of Plaintiff's deposition was suspended, and defense counsel cancelled the depositions of Vanjia Thomas, James Willis, Brian Burt and Todd Dunn so that the parties could resolve their dispute regarding whether the audio tapes and documents withheld by Plaintiff must be produced prior to the depositions. (r. Doc. 35-1 at 1-2).

Plaintiff immediately filed his motion to compel the depositions of Vanjia Thomas, James Willis, Brian Burt and Todd Dunn. (R. Doc. 33). Plaintiff argues the withheld audio recordings and documents are protected under the work product doctrine and, to the extent they are not protected, need not be produced until after the depositions of Praxair's employees because they would be used for impeachment purposes. (R. Doc. 33-1 at 2-3; R. Doc. 42 at 1-5; R. Doc. 44 at 1-5).

5

In opposition to Plaintiff's motion, and in support of its own motions, Praxair argues that Plaintiff's withheld audio recordings and documents are not protected under the work product doctrine, and they should have been produced in response to Praxair's written discovery requests, and certainly prior to the depositions of Praxair's employees. (R. Doc. 37-1 at 3-9; R. Doc. 35-1 at 10-13). Praxair further argues that Plaintiff has waived any objections to producing the withheld audio recordings and documents by failing to produce a timely privilege log. (R. Doc. 35-1 at 9-10).

At oral argument, Plaintiff's counsel stated that he was aware of the existence of the withheld audio recordings prior to providing the May 4, 2018 responses to Praxair's discovery requests, and that he has been in the process of verifying methods for transferring and retaining the recordings. Plaintiff's counsel further represented that as of the date of oral argument, he had not produced a privilege log or reviewed the audio recordings or documents identified by Plaintiff at his deposition.

## II.     Law and Analysis

This written ruling addresses three issues raised by the parties' motions, namely whether Plaintiff waived any claims of privilege or work product immunity regarding the withheld audio recordings and documents, whether the audio recordings must be produced prior to the re-commencement of Plaintiff's deposition and the depositions of Praxair's employees, and whether and to what extent an award of fees is appropriate.

As a preliminary issue, the Court notes that the non-expert discovery deadline with respect to written discovery expired on August 1, 2018. Defense counsel first became aware that Plaintiff had withheld audio recordings and documents at Plaintiff's deposition on September 18, 2018. Plaintiff, who is under a continuing duty to supplement his disclosures and responses

pursuant to Rule 26(e)(1), does not argue that Praxair's motion to compel is untimely. Given the record, the Court concludes that Praxair diligently filed its motion to compel pertaining to written discovery requests despite the expiration of the deadline to do so. Furthermore, the extent that Praxair seeks relief pursuant to Rule 30(b)(3) with respect to depositions that had not yet commenced, the Court construes its motion as seeking relief pursuant to Rule 26(c)(1).[1]

There is no dispute that the audio recording or documents fall within the scope of discovery as provided in Rule 26(b)(1) and are responsive to Praxair's document requests. Plaintiff argues, however, that the withheld audio recordings and documents are protected pursuant to the work product doctrine.[2] While Plaintiff's written discovery responses raised the prospect that the work product doctrine might apply to certain responsive documents, Plaintiff never timely identified the withheld audio recording and documents in a privilege log pursuant to Rule 26(b)(5). Indeed, Plaintiff's counsel admitted at oral argument that not only had a privilege log not been produced, but that counsel still had not reviewed the audio recordings or documents withheld by Plaintiff as of the date of oral argument, over five months after Plaintiff provided his written discovery responses and over two months after the close of written discovery. Under

---

[1] Rule 30(d)(3) applies to motions to terminate or limit depositions that are taking place. *See* Fed. R. Civ. P. 30(d)(3)(A) ("At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."). In contrast, Rule 26(c)(1) allows a party to seek prospective relief with regard to deposition testimony. *See* Fed. R. Civ. P. 26(c)(1) ("A party or person from whom discovery is sought may move for a protective order where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .").

[2] At the depositions, Plaintiff's counsel raised the argument that the withheld audio recordings and documents may be protected under the attorney-client privilege. (R. Doc. 42-1 at 5-6). Plaintiff has abandoned that argument in support of its motion to compel and in opposition to Praxair's motions. At any rate, Plaintiff's counsel admitted at oral argument that he did not direct Plaintiff to make the withheld recordings. The record further indicates that the withheld recordings and documents do not involve communications with counsel, who represents he has never heard the recordings or reviewed the withheld documents. Furthermore, Plaintiff raises no arguments in support of its other objections to Praxair's discovery requests, and the Court finds no basis for sustaining those objections.

these circumstances, the Court concludes that Plaintiff has waived any objections, including the work product doctrine, with respect to the withheld audio recordings and documents, as well as any other recordings or documents responsive to Requests for Production Nos. 13, 15, 19, 34, and 36. *See Motion Indus., Inc. v. Superior Derrick Servs., LLC*, No. 15-1958, 2016 WL 760776, at *3 (E.D. La. Feb. 26, 2016) ("When a party invoking a privilege fails to comply with the Rule 26(b)(5) requirement to provide a privilege log, courts have routinely found that all assertions of privilege or other protections against the requested discovery have been waived.") (citing cases).

In the alternative to work product protection, Plaintiff argues that the withheld audio recordings need not be produced until after the depositions of Praxair's employees because they would be used for impeachment purposes. In support of this position, Plaintiff relies on a Louisiana Supreme Court decision holding held that certain audio recordings of conversations between a non-party student of the Our Lady of the Lake Nurse Anesthesia Program ("OLOP-NAP") and the director of OLO-NAP made after the termination of the plaintiffs from the nursing program consisted of "surveillance audio tapes that were made for the purpose of impeachment of defendants' witness rather than as direct evidence and, therefore, the production of such impeachment materials should be delayed until after the defendants' witness' deposition . . . ." *O'Dwyer v. Our Lady of the Lake Nurse Anesthesia Program ex rel. Our Lady of the Lake Coll.*, 117 So. 3d 1252, 1254 (La. 2013) (per curiam).

Whatever the precedential value of *O'Dwyer* regarding Louisiana civil procedure, the decision is inapplicable to this case. There is no dispute that the audio recordings in this action were clandestine recordings made by Plaintiff at his place of employment prior to his termination of employment. Such recordings do not qualify for work product protection, and must be produced before the depositions of the pertinent witnesses. *See Williams v. Gunderson Rail*

*Servs., LLC*, No. 07-0887, 2008 WL 145251 (W.D. La. Jan. 14, 2008) (holding that the plaintiff's clandestine recordings of co-workers did not qualify for work product protection and must be disclosed prior to the depositions of the recorded individuals); *Griffin v. Javeler Marine Servs., LLC.*, No. 15-106, 2016 WL 1559170, at *1 (W.D. La. Apr. 18, 2016) (same); *Mayfield v. DeSoto Par. Police Jury*, No. 15-2374, 2017 WL 4019437, at *1 (W.D. La. Sept. 12, 2017) (same); *see also Johnson v. East Baton Rouge School System*, No. 16-422, ECF No. 112, at *12 (M.D. La. Jan. 19, 2018) (plaintiff did not meet burden of establishing that withheld audio recordings made in the course of investigating her employment discrimination claims were protected by the work product doctrine). Consistent with this written ruling, the Court has already ordered Plaintiff's counsel to produce the audio recordings and documents withheld by Plaintiff, the suspended/postponed depositions to be held after that production, and that various deadlines be extended to accommodate the foregoing discovery. (R. Doc. 45).

The Court has reviewed the record and the parties' competing requests for awards of expenses, including attorney's fees, incurred in making the instant motions. The Court finds an award of reasonable expenses to Praxair to be appropriate pursuant to Rule 37(a)(5)(A) with respect to both of its motions. Given that the depositions were appropriately suspended in light of the issues raised in the instant motions, the Court will require Plaintiff and Plaintiff's counsel to bear the complete costs of the court reporter and videographer with respect to the remainder of the depositions, as well as award $500 to Praxair as a reasonable amount of fees and costs incurred in bringing the instant motions. Furthermore, pursuant to Rule 30(d)(1), Praxair may depose Plaintiff for up to 7 hours at the continued deposition to the extent defense counsel elicits non-redundant testimony.

9

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel Depositions of Vanjia Thomas, James Willis, Brian Burt and Todd Dunn (R. Doc. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Terminate Depositions Pursuant to FRCP 30(d)(3) (R. Doc. 37) and Defendant's Motion to Compel (R. Doc. 35) are **GRANTED**. Without further objection, Plaintiff must supplement his responses to Interrogatory No. 4, and Requests for Production Nos. 13, 15, 19, 34, 36 as ordered at the hearing. (R. Doc. 45).

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall pay the costs of the court reporter and videographer with respect to the remainder of the depositions and shall pay, within **10 days** of the date of this Order, the amount of **$500** to Praxair.

Signed in Baton Rouge, Louisiana, on October 19, 2018.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**