# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JONATHAN BROWN                                                                CIVIL ACTION

VERSUS

PRAXAIR, INC., ET AL.                              NO: 17-CV-00384-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendants' **Motion for Attorneys' Fees (Doc. 34)**. Plaintiff filed an opposition to Defendants' motion (Doc. 43). Oral argument is not required. For the reasons stated below, Defendants' motion is **GRANTED**. Further, on the Court's own motion, Plaintiff's claims based on 42 U.S.C. § 1986 against the individual Praxair employees are **DISMISSED**.

## I. FACTUAL HISTORY

This matter arises from allegations of racial discrimination and unlawful termination made against Praxair, Inc ("Praxair"), James Willis, Brian Burt, Todd Dunn, and Vanjia Thomas[1] (collectively "Defendants") by Jonathan Brown ("Plaintiff"). (Doc. 1). Plaintiff alleges that he began working for Praxair in April 2012 as a "maintenance supervisor." (*Id.* at ¶ 4). Plaintiff broadly alleges that he was ridiculed at work despite his admirable workplace performance, and was falsely accused of violating company policies, leading to a reprimand from Brian Burt, one of Plaintiff's superiors. (*Id.* at ¶¶ 5-8). Plaintiff alleges that despite attempts to

---

[1] James Willis, Brian Burt, Todd Dunn, and Vanjia Thomas are all employees of Praxair, and shall be referred to as "individual Praxair employees."

1

complain to Vanjia Thomas ("Ms. Thomas") and Courtni Booker ("Ms. Booker"), employees within Praxair's Human Resources Department, his concerns remained unaddressed. Plaintiff claims that in April 2016, he met with Praxair management, ostensibly to develop a "performance improvement plan" for Plaintiff. (*Id.* at ¶ 10). Plaintiff avers that during this meeting, and two subsequent meetings, he was accused of additional workplace violations and was offered a severance package in an effort to terminate him. (*Id.* at ¶ 11). Plaintiff alleges that a final meeting took place between himself, Ms. Thomas, Mr. Dunn, and James Willis during which they questioned Plaintiff for four hours and accused Plaintiff of additional workplace infractions. (*Id.* at ¶ 12). Plaintiff asserts that while his performance improvement plan was ultimately accepted, due to the continual harassment he alleges to have faced, Plaintiff eventually submitted his two weeks' notice, but that he was immediately escorted off of the premises after doing so. (*Id.* at ¶ 14). Plaintiff claims that these actions were violations of Title VII[2], the Louisiana Employment Discrimination Law ("LEDL")[3], and 28 U.S.C. § 1983[4].

Defendants filed a motion to dismiss Plaintiff's complaint on October 20, 2017. The Court granted Defendants' motion in part, and dismissed Plaintiff's claims against James Willis, Brian Burt, Todd Dunn, and Vanjia Thomas with prejudice. (Doc. 31). The Court also denied Plaintiff's request for attorney's fees without

---

[2] 42 U.S.C. § 2000e *et seq.*

[3] La. Stat. Ann. § 23:301 *et seq.*

[4] Plaintiff also briefly mentions § 1986 in his complaint, to be discussed *infra.*

2

prejudice, pending the submission of a separate motion for attorney's fees filed in accordance with Rule 54(d)(2). (*Id.*) Defendants' motion for attorneys' fees is now before the Court.

## II. LEGAL STANDARD

A prevailing defendant should be awarded attorneys' fees under Title VII if "a court finds that [plaintiff's] claim was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 42 U.S.C. 2000e-5(K). *See also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The standard set forth in *Christiansburg* also applies to claims brought under the LEDL and § 1983. *Wilson-Robinson v. Our Lady of the Lake Reg'l Med. Ctr., Inc.*, No. CIV.A. 10-584, 2013 WL 5372346, at *1 (M.D. La. Sept. 24, 2013). In considering the matter, the Court must determine whether the case is so lacking in arguable merit as to be groundless or without foundation, rather than whether the claim was ultimately successful. *Christiansburg*, 434 U.S. at 421.

In *Hensely v. Eckerhart*, 461 U.S. 424 (1983), the United States Supreme Court established a two-step system for calculating attorney fees called the "lodestar" method. *Id.* at 433 (applying the lodestar amount for attorney's fees awarded under a § 1988 case). *See also Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). Attorney fees are calculated by "determining . . . the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.*

## III. ARGUMENTS

Defendants alleged that prior to filing their motion to dismiss, they attempted

3

to confer with Plaintiff several times to alert him that he would be unable to sustain actions against the individual employees of Praxair in under Title VII, because they could not be considered "employers" under the statue, which Plaintiff ignored. (Doc. 34-1 at pp. 1-2). Defendants assert that Plaintiff's actions, in light of the demonstrable lack of merits to her claims, caused Defendants to suffer unnecessary costs and legal fees. (*Id.*). Defendants claim that under no legal theory could the individual Praxair employees have been found liable for the violations alleged by Plaintiff. (*Id.* at p. 5).

Concerning Plaintiff's § 1983 claim, Defendants argue that "private individuals generally are not considered to act under color of law, i.e., are not considered state actors" *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). As for Title VII and the LEDL, Defendants also argue that "a party may not maintain a suit against an employer and its agent under Title VII. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Defendants further claim that "it is well established that Louisiana's antidiscrimination law provides no cause of action against individual employees, only against employers." *Minns v. Bd. Of Sup'rs of LSU*, 972 F. Supp 2d 878, 889 (M.D. La. 2013). Defendants draw the Court's attention to its prior ruling wherein the Court dismissed the individual employees of Praxair from this action without giving Plaintiff an opportunity to amend his claims, as any attempted amendment would be futile. (Doc. 34-1 at p. 5).

Plaintiff argues that pursuant to 42 U.S.C. § 2003-5(K), Defendants should only be entitled to fees if "a court finds that plaintiff's claim was frivolous, unreasonable, or without foundation, even though not brought in subjective bad

4

faith." (Doc. 43 at p. 1). Plaintiff claims that although ultimately unsuccessful, the claims against the individual Praxair employees were brought in good faith. (*Id.*). Plaintiff argues that since 2007, Praxair has been implementing policies and regulations adopted by its officers through its governmental contracts with the Department of Defense. (*Id.*). As an analogy, Plaintiff compares this matter to a finding that a physician who contracts with the state to provide medical care to inmates acts under the color of state law while doing so. (*Id.*). Plaintiff argues that this theory, while ultimately unavailing, was reasonable, and not meritless or frivolous.

Concerning the claims based on 42 U.S.C. § 1986, Plaintiff claims that his allegations that he contacted Praxair's Human resources department multiple times for assistance to no avail made his claims reasonable. (Doc. 43 at p. 2).

IV. **LEGAL ANALYSIS**

   A. **Plaintiff's Title VII and LEDL Claims against Praxair Employees were Meritless**

Plaintiffs may bring claims against their employers under Title VII. However, [t]he term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b). The phrase "any agent" does not impose individual liability under Title VII, but allows for vicarious liability against an employer. *Indest*, 164 F.3d at 262 (5th Cir. 1999). Therefore, under no theory of recovery could the individual Praxair employees be held liable under Title VII.

Under the LEDL, the definition of an employer is "a person, association, legal

5

or commercial entity. . . receiving services from an employee and, in turn, giving compensation of any kind to an employee." La. Rev. Stat. Ann. § 23:302(2). Plaintiff's coworkers and managers cannot be considered employers under the LEDL, because, while Plaintiff may work under their *direction,* Plaintiff does not work for them, nor do they personally pay Plaintiff for his services. Plaintiff's claims under both Title VII and the LEDL were meritless.

### B. Plaintiff's § 1983 Claim against Praxair Employees was Meritless

The Court finds Plaintiff's attempt to analogize the instant matter with a physician hired by the state to act on behalf of the state to be unavailing. First, to sustain an allegation against the exemplar doctor, the alleged unlawful act must have been done "while clothed in the authority of state law." *West v. Atkins*, 487 U.S. 42 (1998). Plaintiff's arguments fail, however, as § 1983 applies only to acts done under *state* law, not federal law. *Broadway v. Block*, 694 F.2d 972, 981 (5th Cir. 1982). Plaintiff's contracts are with the Department of Defense, a federal agency, thereby barring any § 1983 claims against any party acting under its providence.

### C. Plaintiff's § 1986 Claim against Praxair Employees was Meritless

42 U.S.C. § 1986 provides, in relevant part,

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case . . .

The United States Court of Appeals for the Fifth Circuit has on numerous occasions

recognized the inherent authority of a district court to dismiss a complaint on its own motion for failure to state a claim. *See, e.g., Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984). However, this power is not unlimited. The Fifth Circuit has consistently held that a district court can dismiss an action *sua sponte* only "'as long as the procedure employed is fair.'" *Carroll*, 470 F.3d at 1177 (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). The Fifth Circuit has "'suggested that fairness in this context requires both notice of the court's intention [to dismiss *sua sponte*] and an opportunity to respond.'" *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir.2007) (quoting *Carroll*, 470 F.3d at 1177).

The Fifth Circuit also held that even if a district court fails to provide notice to the plaintiff prior to dismissal, however, it will affirm the district court's dismissal if the plaintiff has alleged his "best case," and the dismissal was otherwise proper. *Lozano*, 489 F.3d at 643; *Bazrowx*, 136 F.3d at 1054 (citing *Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir.1986)). The Fifth Circuit has recognized that "[a]t some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez*, 801 F.2d at 792.

In the memorandum in opposition to Defendant's motion to dismiss, Plaintiff alleges that he contacted Praxair's Human Resources Department multiple times, to no avail. Plaintiff claims that Ms. Booker and Ms. Thomas failed to contact Plaintiff regarding his complaints of harassment and made no further efforts to address his

concerns. Plaintiff cites *Park v. City of Atlanta,* 120 F.3d 1157, 1160 (11th Cir. 1997) wherein the United States Court of Appeals for the Eleventh Circuit found a defendant negligent in failing to prevent a deprivation of constitutionally guaranteed rights. Plaintiff quotes the following passage from *Park:*

> Although discriminatory intent is essential in proving a 1985(3) conspiracy, "it does not follow that a defendant charged under section 1986 with neglecting to intervene in a section 1985(3) conspiracy must personally share the class-based animus." We concur with the Third Circuit's conclusion that negligence is sufficient to maintain a § 1986 claim. *Id.* We hold that if Appellees knew of a § 1985(3) conspiracy, were in a position to prevent the implementation of that conspiracy, and neglected or refused to prevent it, they are liable under § 1986.

*Id.* Setting aside for a moment that *Park* is an Eleventh Circuit case and is not binding on district courts in the Fifth Circuit, it is also inapplicable to the matter at bar. In reaching its conclusion, the Eleventh Circuit opined that "the text of § 1986 requires the existence of a § 1985 conspiracy." *Id.* at p. 1160. Therefore, absent allegations or evidence of a § 1985 conspiracy, there can be no finding of liability under 1986.

In *Park*, the plaintiff met the minimum pleading requires for a cause of action under 1985(3); however, in the instant matter, Plaintiff has not alleged a 1985 conspiracy. Much like Plaintiff's passing mention of § 1986 in his complaint, Plaintiff briefly cites § 1985(3), but offers no direct arguments to support the allegation. Plaintiff also briefly claims that he had a "sense that there was conspiratorial behavior" by Praxair employees, but does not otherwise make any specific allegations of who was involved in the conspiracy, or why he believed the conspiracy existed. To establish a cause of action for conspiracy under § 1985(3) a plaintiff must allege 1) a

8

conspiracy, 2) for the purpose of depriving, either directly or indirectly, and person or class of persons of the equal protection under the laws; and, 3) an act in furtherance of the conspiracy, 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 828-29. Plaintiff has not alleged the presence of any conspiracy. In his opposition to the motion *sub judice*, Plaintiff claims that he had a "sense" that there was a conspiratorial aspect to Defendants' actions, but offers no other allegations to support his "sense." In fact, Plaintiff does not even allege that any individual Praxair employees, except for Ms. Booker and Ms. Thomas, knew of the actions of the other employees. Even then, Plaintiff still does not allege that either Ms. Booker or Ms. Thomas were aware of a *conspiracy* among other Praxair employees to deny Plaintiff of certain rights. Plaintiff fails to sufficiently allege § 1985 conspiracy claims against individual Defendants.

The viability of § 1986 claims are predicated on sufficient allegations to support a § 1985 claim, and because Plaintiff's complaint did not adequately plead a cause of action under § 1985, Plaintiff's claims based on § 1986 are inherently meritless. The Court further finds that arguments made in Plaintiff's memorandum in opposition to Defendant's motion to dismiss represent Plaintiff's "best argument" for his § 1986 claims. A show cause hearing is therefore unnecessary, and Plaintiff's § 1986 claims are dismissed.

### D. Defendants' Requested Fees are Reasonable

Attorney fees are calculated by "determining . . . the number of hours

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's § 1986 claims against James Willis, Brian Burt, Todd Dunn, and Vanjia Thomas are **DISMISSED**.

**IT IS FURTHER ORDERED** that **Plaintiff's Motion for Attorneys' Fees (Doc. 34) is GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall pay Defendants' Attorneys' Fees and Costs in the amount of $8,085.97.

Baton Rouge, Louisiana, this 31ST day of May, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**