UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN BROWN | CIVIL ACTION |
| VERSUS | |
| PRAXAIR, INC., ET AL. | NO: 17-CV-00384-BAJ-RLB |

## RULING AND ORDER

Before the Court is Praxair's **Motion for Summary Judgment (Doc. 56)**. Plaintiff filed an opposition. (Doc. 57). Oral argument is not required. For the reasons stated below, Defendants' motion is **GRANTED**.

### I. FACTUAL HISTORY

The Court will not re-state in its entirety the factual and procedural history of this case, having set forth the facts in the Court's prior Ruling and Order (Doc. 63). In short, this matter arises from allegations of racial discrimination and unlawful termination made against Praxair, Inc ("Praxair")[1], James Willis, Brian Burt, Todd Dunn, and Vanjia Thomas[2] (collectively "Defendants") by Plaintiff Jonathan Brown. (Doc. 1). Plaintiff alleges that he was falsely accused of violating company policies, leading to a reprimand from Brian Burt, one of his supervisors. (*Id.* at ¶¶ 5-8).

---

[1] Although never explicitly stated in the pleadings, the Court surmises that Praxair operates a natural gas processing facility in Geismar, Louisiana. See https://www.praxair.com/news/2019/praxair-starts-up-new-syngas-plant-in-geismar-louisiana.

[2] James Willis, Brian Burt, Todd Dunn, and Vanjia Thomas are all employees of Praxair, and shall be referred to as "Individual Praxair Employees."

1

Plaintiff alleges that despite attempts to complain to Vanjia Thomas and Courtni Booker, employees within Praxair's Human Resources Department, his concerns remained unaddressed. Plaintiff alleges that eventually, he was given the option to accept a severance package or to participate in a performance improvement plan ("PIP"). Plaintiff asserts that after beginning the PIP, he eventually submitted his two weeks' notice due to the issues he faced at work. (*Id.* at ¶ 14). Plaintiff claims that these work related issues were violations of Title VII[3], the Louisiana Employment Discrimination Law ("LEDL")[4], and 28 U.S.C. § 1983.

Defendants moved to dismiss Plaintiff's complaint. The Court granted Defendants' motion in part, and dismissed Plaintiff's claims against James Willis, Brian Burt, Todd Dunn, and Vanjia Thomas ("Individual Praxair Employees") with prejudice. (Doc. 31). Defendants further moved for attorney's fees to be awarded. (Doc. 34). The Court issued a ruling granting attorney's fees and costs to Defendants, and on its own motion, dismissed Plaintiff's § 1986 claims against the individual Praxair employees. (Doc. 63). The only remaining claims are against Praxiar, which now moves for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for

---

[3] 42 U.S.C. § 2000e *et seq.*

[4] La. Stat. Ann. § 23:301 *et seq.*

summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To establish a case for race discrimination under Title VII, a plaintiff must show that 1) he is a member of a protected class, 2) he was qualified for his position, 3) he was subjected to an adverse employment action, and 4) he was replaced by someone outside the protected class. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007).

Once a plaintiff establishes the aforementioned factors, the burden shifts to the defendant to provide a non-discriminatory reason for the adverse employment action. *Id.* at 557. Once the defendant offers a non-discriminatory reason for the adverse employment action the burden then shifts once more to the plaintiff to establish that the reason offered by the defendant is a mere pretext for racial animus. (*Id.*). The United States Court of Appeals for the Fifth Circuit has determined that the Title VII test also applies to claims brought under the LEDL. See *DeCorte v. Jordan*, 497 F.3d 433, 437 (5th Cir. 2007) (noting that claims of race discrimination under the LEDL are governed by the same analysis required for Title VII claims).

3

## III. DISCUSSION

### A. Praxair is Entitled to Summary Judgment

Praxair argues that Plaintiff cannot establish the *prima facie* case for race discrimination because he was not subjected to an adverse employment action. (Doc. 56-1 at pp. 5-6). Praxair claims that Plaintiff resigned rather than be discharged, and that he has failed to establish that "working conditions [were] so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Nassar v. Univ. of Tex. Sw. Med. Ctr.*, 674 F.3d 448, 453 (5th Cir. 2012). Praxair argues that Plaintiff was reprimanded repeatedly due to his own poor job performance. (Doc. 56-1 at p. 5).

Praxair also alleges that it has a non-discriminatory basis for all actions taken against Plaintiff. (*Id.* at p. 11). Again, Praxair asserts that any complained of behavior was a direct result of Plaintiff's own poor work performance. (*Id.*). Praxair further argues that Plaintiff cannot establish that the reasons offered for Plaintiff's termination are pretextual. (Doc. at p. 15). Praxair claims that there are no facts in controversy that dispute that Plaintiff, in his own words, "had a bad year."[5] (*Id.*).

Plaintiff argues that he was offered the choice of being placed on a PIP for 90 days or accepting a severance package, which effectively served as constructive termination. (Doc. 57 at p. 5). Plaintiff cites the deposition of David Schein, a "liability

---

[5] Plaintiff himself admitted in deposition testimony that he took actions that were "inappropriate," "embarrassing for Geismar," and "not good," that he had difficulty ensuring his employees used the proper work order system, and that he was responsible for a budgetary shortfall of $400,000.00, due to his misunderstanding of his responsibility to perform certain accounting duties. (Doc. 61-2 at pp. 3-4).

4

expert" who opined that Praxair had not offered any real method for Plaintiff to succeed at his job, and that he had been constructively terminated by being placed on a PIP. (*Id.* at pp. 5-6).

Plaintiff argues that although it is alleged that his poor work performance led to him being placed on a PIP, there is no objective basis to determine who is placed on a PIP. (*Id.*). Plaintiff finally argues that the reasons for his being placed on a PIP given by Plaintiff were merely pretextual. (*Id.* at p. 11).

The evidence before the Court reveals that Plaintiff did not suffer an adverse work action. As noted, Plaintiff was given the option to accept a severance package or participate in a PIP to rectify issues that he, himself, admitted amounted to deficient performance. However, adverse employment actions only include ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating. *Jackson v. Honeywell Int'l, Inc.*, 601 F. App'x 280, 284 (5th Cir. 2015). Being offered a PIP does not qualify as an adverse employment action, as it is not an ultimate employment decision. *Turner v. Novartis Pharm. Corp., 442 F. App'x 139, 141 (5th Cir. 2011)* (affirming the district court's finding that placing an employee on a PIP was not an ultimate employment decision). If anything, the PIP evinced Praxair's commitment to offer Plaintiff a chance to rectify issues with his deficient work performance.

Plaintiff alleges that the environment at his job had gotten so bad that he felt as though there was no point in continuing his employment, claiming instead that he was 'constructively terminated." To bring a claim for "constructive termination"

Plaintiff must establish that "working conditions [were] so intolerable that a reasonable person in [Plaintiff's] position would have felt compelled to resign." *Nassar*, 674 F.3d at 453. Plaintiff has not met this burden.

The Fifth Circuit has often addressed this issue. In *Bourque v. Powell Elec. Mfg. Co.*, 617 F.2d 61, 65 (5th Cir. 1980), the Fifth Circuit found that an employee who chose to work at a rate less than that of her male co-workers had not established "intolerable working conditions." In *Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 755 (5th Cir. 1986) the Fifth Circuit found that a loss of coaching responsibilities for a high school teacher was not sufficient to establish an "intolerable working condition." In *Haley v. All. Compressor LLC*, 391 F.3d 644, 651 (5th Cir. 2004), the Fifth Circuit found that an employee who alleged that she quit her job because she had been embarrassed at a company meeting, micromanaged by superiors, ostracized by peers, given an overly severe performance improvement plan, and had work performance incidents fabricated against her did not establish constructive termination as a matter of law.

Considered in the light most favorable to Plaintiff, the facts in this case are less severe than those which occurred in *Haley*. Here, Plaintiff alleges that he was falsely accused of violating workplace policies and was pressured to accept the severance package rather than complete the PIP. Setting aside the fact that Plaintiff has admitted to many instances of poor performance, the majority of the complained of behavior occurred *before* he was offered the opportunity to be placed on a PIP, from which, by his own volition, he withdrew. Plaintiff has failed to point to any evidence

which could remotely be characterized as intolerable or discriminatory in any way.[6] Plaintiff's claims fail as a matter of law.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Praxair's **Motion for Summary Judgment (Doc. 56) is GRANTED**.

Baton Rouge, Louisiana, this 23rd day of July, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[6] The Court notes that even accepting Plaintiff's claims, there has been no evidence presented of discrimination based on race.